## No. 552

ST. L., TROY & EAST. RD. CO. v. CIN. N. O. & T. P. R. CO.

Ohio Appeals, 1st Dist., Hamilton Co.

No. 2951. Decided April 4, 1927.

145. BILLS OF LADING—The conditions stated in bills of lading are part of the contract between the consignor and carrier. Where a number of bills of lading are delivered at the same time, notation in writing on the face of part of them, stating that they are received "subject to delay on account of strike," does not nullify the provision on the back of others that the company is not liable for delay on account of strikes.

753. MEASURE OF DAMAGES—Where a jury returns a general verdict, and there is nothing to indicate on which grounds the verdict was returned a reviewing court will not reverse the judgment or consider assigned errors as to the measure of damages.

First Publication of this Opinion

PER CURIAM

This action was brought by the St. Louis Company against the Cincinnati Company to recover damages incurred by reason of delay in shipping fourteen cars of coal. Said cars were loaded and delivered to the defendant company at Helenwood and Winfield, Tennessee, and Silverville, Ky., to be transported to St. Louis, Mo.

There was written across the face of two of the bills of lading: "Received subject to delay account of strike." The other bills of lading had printed on the face of them a reference to the conditions printed on the back, and on the back was a statement that the company was not liable for delay occurring from

strikes. The cars were delayed in transit, and this action was brought to recover damages on account of the delay. The defense was that the delay was caused by a strike. The Court of Appeals found as follows:

1. That the defendant could rely on strikes as a defense against this action, even though the notation that the coal was received subject to strike was written across the face of some of the bills of lading, and was not written across the face of others.

2. Where a jury returns a general verdict, and there is nothing to indicate on which grounds the verdict was returned, a reviewing court will not reverse the judgment or consider assigned errors as to the measure of damages, where the verdict might well have been rendered on the ground that there was no liability. Buschelmann v. City of Cincinnati, 18 OA.R. 346.

Judgment affirmed.

(Hamilton, PJ., Cuching and Buchwalter, JJ., concur).

Attorneys—Hightower, O'Brien & Porter for St. Louis, etc.; Harmon, Colston, Goldsmith & Hoadly for Cincinnati, etc; all of Cincinnati.